contract. The rule is well established that in actions to compel the specific performance of a contract for the sale of real estate time is not of the essence of the contract, unless in the agreement it is clearly the intent of the parties that it should be so understood. The mere insertion in the contract of a day for the completion does not make such time the essence of the contract, and it will not be implied as essential, except where the subject of the sale has a fluctuating value, or where the object of the contract is a commercial enterprise, or the delay in completion would involve one of the parties in a serious loss. When time is not by stipulation or by implication of the essence of the contract, a court of equity will disregard it, and decree specific performance when an action at law has been lost by default of the party seeking performance, if it be conscientious that the agreement be performed. Hun v. Bourdon, 57 App. Div. 351, 354, 68 N. Y. Supp. 112. The original agreement, in connection with the agreement for an adjournment, in which it was provided that the transfer should be made as of the 5th day of October, which was the date mentioned in the original agreement for the completion of title, in connection with the acts of the vendor three days after his tender of the deed, show conclusively that neither party regarded the day of actual performance as of any great importance. It was agreed in the supplemental agreement for adjournment that the plaintiff should pay the interest on the deferred payment during the period of adjournment; that is, that the vendor should have the use of the $7,000 during that time, the same as he would have had it had the transfer been actually made, and the conveyance was to be the date on which the interest charge or use of the money commenced, so that in equitable contemplation the transfer was made on the 5th day of October, 1905, and the vendor at any time after the 3d day of November, 1905, would have been entitled to recover the sum of $7,000 on the clearing of the title and tendering a deed of conveyance as provided in the contract. The plaintiff would have been ready to complete his purchase on the 3d day of November, except for the fact that there was a delay in securing the search of the title as the foundation for the proposed loan, which the vendor knew was necessary to the completion of the transaction. He asked for a delay of a day that the matter might be brought about, and it would be most inequitable to hold that the vendor, under the circumstances, could work a forfeiture of the plaintiff's payment of $500 on the purchase price, together with the expense of searching title, attorney's fees, and other expenses incident to the transaction, by the tender of a deed while yet the incumbrance was upon the title. We are of opinion that under the circumstances the vendor was bound to accept the plaintiff's offer of performance on the 6th day of November, or as soon thereafter as the transaction could be completely closed, and that it was error to dismiss the plaintiff's complaint, entailing losses, where he was willing to perform his contract, and where had made every reasonable effort to perform it within a reasonable time. The vendor, having permitted his attorney to reopen negotiations for the closing of title, and conceding that he would have acted if the money had been tendered at 1 o'clock on the 6th day of November, may be held to have waived any default on the part of the plaintiff on the 3d day of November. The evidence is decisive and uncontradicted that the vendor stated, when he was requested to perform his contracts shortly after 8 o'clock on the evening of the 6th of November, that he could not secure a discharge of the outstanding mortgage at that time in the evening, and the plaintiff then offered to deduct the amount of the mortgage and pay over the balance, and himself obtain a discharge of the mortgage. Thereupon the vendor stated: "You were to be here at 8 o'clock. You were not here, and now you cannot have the property." Here again we have a clear indication that the vendor understood that 8 o'clock on the evening of November 6th was fixed as the time for closing the transaction. It is also made plain that the plaintiff was in good faith offering to perform, and even going beyond the requirements of the contract by offering to assume the burden of obtaining the satisfaction piece of the mortgage. The vendor did not at any time, after negotiations fixing the time of closing on the 6th day of November, tender a deed to the plaintiff and thereby put him in default. On the contrary, he refused to complete his contract, and good conscience, which is at the foundation of equitable jurisdiction, demands that the plaintiff should be granted some measure of relief, the extent of which may be determined upon retrial of the action. The judgment appealed from should be reversed, with costs to appellant to abide the event.

---

LEVY, Respondent, v. MANES, Appellant. (Supreme Court, Appellate Division, Second Department. November 22, 1907.) Action by Joseph Levy against Max Manes.

PER CURIAM. Judgment of the Municipal Court affirmed, with costs.

HIRSCHBERG, P. J., not voting.

---

In re LEVY'S ESTATE. (Supreme Court, Appellate Division, First Department. December 6, 1907.) In the matter of Isaac Levy, deceased. No opinion. Order affirmed, with costs and disbursements. Order filed.

---

LEWIS, Appellant, v. NEW YORK & Q. C. RY. CO., Respondent. (Supreme Court, Appellate Division, Second Department. January 10, 1908.) Action by George A. Lewis against the New York & Queens County Railway Company.

PER CURIAM. Judgment and order affirmed, with costs.

HIRSCHBERG, P. J., not voting.

---

LEWIS, Appellant, v. NEW YORK & Q. C. RY. CO., Respondent. (Supreme Court, Appellate Division, Second Department. January 10, 1908.) Action by Julia I. Lewis, an infant, by George A. Lewis, her guardian ad litem, against the New York & Queens County Railway Company.

PER CURIAM. Judgment and order affirmed, with costs.

HIRSCHBERG, P. J., not voting.